**SUMLIN, Plaintiff-Appellee, v. HARRIS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2274. Decided March 29, 1954.

Don E. Sproul, Dayton, for plaintiff-appellee.

Altick & McDaniel, Francis S. McDaniel, of Counsel, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Municipal Court of the City of Dayton.

This is an action for damages growing out of an automobile collision. The matter was tried to the court without the intervention of a jury. Upon motion duly made the court rendered separate findings of fact and conclusions of law. Judgment was entered for plaintiff for $227.50.

Defendant-appellant contends that the service of summons was defective; that the court failed to find the defendant to be negligent as charged; that the court failed to find that plaintiff had been damaged in any sum whatsoever; that the judgment is contrary to law. The serv-

ice appears to be regular, and in compliance with law. **Paduchik v. Mikoff, 158 Oh St 533.** The court found "that defendant, while in the intersection, never slackened her speed or attempted to divert the course of her vehicle and collided into plaintiff's auto while it was stopped." This finding supports the charge that the defendant failed to maintain a proper lookout ahead. As a conclusion of law the court found that in so doing the defendant failed to exercise ordinary care and that such negligence was the sole and proximate cause of the collision. In our opinion a separate finding supported the judgment on this issue.

The defendant-appellant contends that the judgment was contrary to law in that the court failed to find that the plaintiff suffered damage. An examination of the record will disclose that the trial court failed to find in the separate findings of fact that the plaintiff was damaged in any amount. However, our attention is called to the judgment entry in which appears a finding as follows: "The court finds from the evidence in favor of the plaintiff and assesses damages in the sum of $227.50." In the same entry the court rendered judgment for said amount In this case the judge was the trier of the facts. The conclusion of law which is vital in this case is the legal conclusion incorporated in the judgment entry. **Bauer v. Cleveland Railway Company, 141 Oh St 197, 202, 203.** In our opinion the findings of fact in the judgment entry supplements the separate findings of fact and furnishes sufficient grounds on which to base the judgment for the plaintiff.

Finding no error in the record prejudicial to the rights of the plaintiff, the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.